IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SURFACE PREPARATION TECHNOLOGIES,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. 1:11-CV-1978 |
| **JAMACO INDUSTRIES, LLC, WATERBLASTING TECHNOLOGIES, INC., and SAFETY IMPROVEMENTS, LLC,** | : The Honorable Sylvia H. Rambo |
| Defendants | : |

**M E M O R A N D U M**

Before the court is Defendant Safety Improvements, LLC's ("Safety") motion to dismiss for lack of personal jurisdiction. (Doc. 6.) For the reasons that follow, the motion will be granted.

**I.     Background**

   **A.     Facts**

Plaintiff brings this complaint for patent infringement under the patent laws of the United States codified at 35 U.S.C. § 1, *et seq.* Plaintiff, Surface Preparation Technologies ("SPT"), is a Pennsylvania corporation in the business of, *inter alia,* "designing, developing, manufacturing, and distributing rumble strip cutting, or milling machines, for use throughout the United States and the world." (Compl. ¶¶ 2, 9.) Safety is a limited liability company organized in Maryland and is a contractor that provides centerline and shoulder rumble strip cutting services. (*Id.* ¶¶ 5, 18.)

Plaintiff claims that it is the holder of United States Patent No. 5,415,495 (the "495 patent") which is a "unique, novel, inventive and non-obvious cutting machine and method for cutting depressions in a road surface which is commonly used . . . for cutting rumble strips along the shoulders and centerlines of roadways." (*Id.* ¶ 11.)  SPT manufactures these machines and sells them to private and governmental agencies across the United States.  (*Id.* ¶ 12.)

Plaintiff alleges that Defendants Jamaco Industries, LLC ("Jamaco") and Waterblasting Technologies, Inc. ("WTI"), are also in the business of selling rumble strip milling machines.  (*Id.* ¶ 15.)  Specifically, Plaintiff alleges that Jamaco and WTI are manufacturing and selling a rumble strip milling machine called the RS-20B, which infringes on Plaintiff's 495 patent.  (*Id.* ¶¶ 15, 16, & Counts I & II.)  With respect to the current motion, it is alleged that Safety "is a contractor providing and marketing its centerline and shoulder rumble strip cutting *services* using, inter alia, the RS-20B milling machine, throughout the United States, including the Commonwealth of Pennsylvania."  (*Id.* ¶ 18) (emphasis added).  Plaintiff claims that Safety knew about the 495 patent prior to manufacturing, selling and/or using the RS-20B machine.[1]  (*Id.* ¶ 20.)

---

1.   There are no allegations in the complaint or the briefs that suggest Safety is in the business of manufacturing or selling the RS-20B milling machine.  It would appear that this statement is merely boilerplate language incorporating all three Defendants; however, for purposes of disposing of the instant motion, only the actions of Safety will be considered.  There is no dispute Safety "uses" the RS-20B in its road work.  Furthermore, in its brief in support of the motion to dismiss, Safety acknowledges that on February 20, 2009, it purchased a RS-20B milling machine from Jamaco, a Florida based company, but this transaction did not involve any contact with Pennsylvania. (Br. Supp. Mot. to Dismiss, Doc. 7, at 4.)

### B. Procedural History

Plaintiff filed the instant action on October 24, 2011, against named Defendants. (Doc. 1.) On March 12, 2012, Defendant Safety filed the instant motion to dismiss (Doc. 6), and brief in support, (Doc. 7). On March 26, 2012, Plaintiff filed a brief in opposition. (Doc. 13.) Safety filed its reply brief on April 9, 2012, (Doc. 15), therefore, the motion is now ripe for disposition.[2]

### II. Legal Standard: 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction

"Once [a court's jurisdiction] is challenged, the burden rests upon the plaintiff to establish personal jurisdiction." *Gen. Elec. Co. v. Deutz Ag.*, 270 F.3d 144, 150 (3d Cir .2001) (citing *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). A plaintiff may meet this burden by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank*, 960 F.2d at 1223 (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Assoc.*, 819 F.2d 434, 437 (3d. Cir. 1987)). "A court must take 'specific analytical steps' when determining whether it can assert personal jurisdiction over a non-resident defendant." *Accuweather, Inc., v. Total Weather, Inc.*, 223 F. Supp. 2d 612, 613 (M.D. Pa. 2002) (quoting *Pennzoil Prod. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 200 (3d Cir. 1998)).

Personal jurisdiction analysis is more difficult when a defendant's conduct with the forum state is based on internet contacts. "The internet allows

---

[2]. The court recognized that on April 9, 2012, Plaintiff filed an amended complaint. (Doc. 14.) However, the allegations against Safety are the same as in the original complaint and, thus, this court's determination that it lacks personal jurisdiction is unchanged.

3

businesses and customers to communicate with each other from anywhere in the world. Customers can also place orders from anywhere in the world. Because the internet has no boundaries, a court must consider whether the electronic contacts between the remote party and the party in the forum state are sufficient to satisfy the 'minimum contacts' element of the personal jurisdiction analysis. *Hershey Co. v. Pagosa Candy Co.*, Civ. No. 1:07-1364, 2008 WL 1730538, at *3 (M.D. Pa. 2008) (referencing G. Peter Albert, Jr., et al., Intellectual Property Law in Cyberspace 2006 Cumulative Supplement 14-5 (2006)). Courts have addressed this issue, but first, the traditional personal jurisdiction framework will be discussed.[3]

## III.   Discussion

### A.   Personal Jurisdiction

A federal district court sitting in Pennsylvania has jurisdiction over non-resident parties to the extent provided by Pennsylvania law. *See* Fed.R.Civ.P. 4(e); *see also Mellon Bank*, 960 F.2d at 1221. Pennsylvania's long-arm statute allows a court to exercise jurisdiction over a non-resident defendant "to the fullest extent allowed under the Constitution of the United States and may be based upon the most minimum contact with this Commonwealth allowed under the Constitution of the United States." *See* 42 Pa. Cons. Stat. § 5322(b); *see also Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir. 1984). Accordingly, the reach of Pennsylvania's long-arm statute is "coextensive with the due process clause of the United States Constitution." *Time Share*, 735 F.2d at 63. The due process clause of

---

3 .   Although personal jurisdiction in patent cases is controlled by the Federal Circuit, the traditional framework based on Supreme Court precedent is followed the same as here in the Third Circuit.

the United States Constitution requires a non-resident defendant to have certain minimum contacts with the forum state in order for a court in that forum to properly exercise personal jurisdiction. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). General jurisdiction may be exercised over a non-resident defendant when the defendant has "continuous and systematic" contacts with the forum state. *Int'l Shoe*, 326 U.S. at 318. Notably however, "the size of the percentage of defendant's total business represented by its contacts with the forum and the substantiality of the absolute dollar amount involved in the contacts with the forum state are generally irrelevant." *Asanov, et al., v. Gholson, Hicks & Nichols, P.A., et al.,* Civ. No. 1:05-2098, 2006 WL 1289308, at *8 (M.D. Pa. 2006) (citing *Provident Nat. Bank,* 819 F.2d at 437-38.

However, even if the defendant does not have continuous and systematic contacts with the forum state, the defendant may still be subject to specific jurisdiction in the forum state. *Gen. Elec. Co.*, 270 F.3d at 150 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984)). Three elements must be established in order to warrant specific jurisdiction. *Zippo Mfg. Co. v. Zippo Dot Com*, 952 F. Supp. 1119, 1122-23 (W.D. Pa. 1997). First, the cause of action must "arise . . . out of the defendant's contacts with the forum." *Helicopteros Nacionales*, 466 U.S. at 414 n. 8. Second, the defendant must have "purposefully established 'minimum contacts' with the forum." *Burger King v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *Int'l Shoe*, 326 U.S. at 316). Finally, the exercise of personal jurisdiction must be reasonable, and must not offend

"traditional notions of fair play and substantial justice." *World-Wide Volkswagen,* 444 U.S. at 292 (quoting *Int'l Shoe*, 326 U.S. at 316).

To establish the minimum contacts necessary to assert specific jurisdiction, the defendant must have "purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. Co., Ltd. v. Superior Court of Ca.*, 480 U.S. 102, 109 (1987) (quoting *Burger King*, 471 U.S. at 475). "Defendants who 'reach out beyond one state' and create continuing relationships and obligations with the citizens of another state are subject to regulation and sanctions in the other state for the consequences of their actions." *Zippo*, 952 F. Supp. at 1123 (quoting *Burger King*, 471 U.S. at 473). Specific jurisdiction is established when "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen*, 444 U.S. at 297. However, specific jurisdiction is not established if the non-resident defendant's conduct in the forum state is "random, isolated or fortuitous." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984). In addition, mere knowledge that an allegedly harmed plaintiff is located in the forum state will not be sufficient to establish specific jurisdiction. *Metallic Ceramic Coatings, Inc., v. Precision Prod., Inc.*, Civ. No. 00-4941, 2001 WL 122227, at *6 (E.D. Pa. 2001).

### B.     Internet Contacts as a Basis for Personal Jurisdiction

Personal jurisdiction becomes more complicated when a defendant's contact with the forum state is primarily through internet contacts. In *Hershey*, this court analyzed the recent history of personal jurisdiction based on internet contacts in this Circuit. 2008 WL 1730538, at *4-6.

This court first outlined the sliding-scale developed in *Zippo*, where a defendant's internet activity was held to be "directly proportion[al] to the nature and quality of commercial activity that an entity conducts over the internet." *Hershey*, 2008 WL 1730538, at *4 (citing *Zippo,* 952 F. Supp. 1124) (internal citations omitted). This court further explained the *Zippo* sliding scales as follows:

> At one end . . . personal jurisdiction is properly exercised over defendants who actively conduct business from a commercial web site. If the defendant's web site allows it to "enter into contracts with residents of a foreign jurisdiction . . . involving the knowing and repeated transmission of computer files over the internet," then the site falls into the "commercial" category. Defendants who maintain a "commercial" web site may be expected to submit to the personal jurisdiction of courts within the forum state. At the other end of the scale are operators of passive web sites that simply make information available to any viewer who may be interested. Operators of these "passive" web sites have not engaged in conduct sufficient to justify the exercise of personal jurisdiction over them. "Interactive" web sites allow the exchange of information between a user and the host computer, and depending on the level of interactivity and the commercial nature of the exchange of information, personal jurisdiction may be proper.

*Id.* Although helpful as an organizational tool to establish the types of internet web sites in existence, the *Zippo* scale is, unfortunately, not terribly useful when it comes to the practical application of personal jurisdiction, as most web sites would appear to fall into the "interactive" category. As such, courts in the past few years have attempted to expand and clarify under what circumstances a defendant may be subject to personal jurisdiction based on internet contacts. Although there is no bright-line rule, a few key principles have been developed.

First, "something more" than simply having a website accessible to individuals in the forum state must be shown. *See Accuweather, Inc.*, 223 F. Supp.

2d at 616 (citing to *S. Morantz, Inc. v. Hang & Shine Ultrasonics, Inc.*, 79 F. Supp. 2d 537, 540-41 (E.D. Pa. 1999) (holding that web site and toll-free number were not sufficient to establish personal jurisdiction in Pennsylvania)). Something more can be established if a plaintiff can show a defendant had "non-internet contacts [with the forum state], advertis[ed] in local publications, [or had] business records of sales in the state." *Morilla v. Laser Spine Inst., LLC*, Civ. No. 2:10-1882, 2010 WL 3258312, at *4 (D.N.J. 2010). "A website that has only information and a generic contact information input form falls at the passive end of the *Zippo* scale." *Id.* at *5. Furthermore, for web sites in the "interactive" category, it must be shown "a web site targets a particular remote jurisdiction . . . ." *Hershey*, 2008 WL 1730538, at *5. For example, the Third Circuit held in *Toys "R" Us,* that a website which was technically "commercial and interactive on the *Zippo* scale" did not establish personal jurisdiction because the web site was completely written in Spanish, prices were in Spanish currency, and the web site only shipped to Spain, not to the United States. *See id*. at *6 (discussing *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 454 (3d Cir. 2003)).

As for general jurisdiction, the court in *Koczkodon v. Grand Versailles, LLC, et al.*, 2010 WL 3656037 (E.D. Pa. 2010), having already denied specific personal jurisdiction, held that a "high standard" was needed "to establish the sort of continuing and systematic contacts required for general jurisdiction." *Id.* at *2.

**C.**         **Analysis**

Plaintiff brings this action under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., claiming Defendants violated the 495 patent. Defendant Safety

argues that Plaintiff has failed to show that this court has personal jurisdiction over Safety. The court agrees.

Safety submits the following to support its contention that this court lacks personal jurisdiction:

> Safety Improvements has never registered to do business in Pennsylvania or held any license or permit issued by a Pennsylvania authority, and has never had an agent for service of process in Pennsylvania. Safety Improvements maintains no offices, assets, employees, agents or bank accounts within Pennsylvania. Safety Improvements owns no real or personal property, pays no taxes and has no physical presence in Pennsylvania. Safety Improvements has performed no rumble strip milling operations within Pennsylvania and sold no products to customers in Pennsylvania. Safety Improvements conducts no daily business with Pennsylvania companies; indeed, Safety Improvements has never signed a contract in Pennsylvania. Safety Improvements has not made direct sales in Pennsylvania, solicited business in Pennsylvania, or targeted Pennsylvania with advertising. Safety Improvements files no administrative reports with any Pennsylvania agency or department, and maintains no records in Pennsylvania. Safety Improvements does not avail itself of Pennsylvania resources in an extensive manner as a way of furthering its business. And Safety Improvements has never employed a Pennsylvania resident or utilized one as an agent or consultant. Safety Improvements has three members, all of whom are residents of Maryland. Whatever contacts Safety Improvements may be found to have with Pennsylvania are insignificant and inconsequential to its total business; indeed, to date zero (0%) percent of Safety's total business has been generated in Pennsylvania.

(Doc. 7, Def.'s Br. Supp. Mot. to Dismiss, at 3-4.)

Plaintiff counters that: (1) Safety's website is accessible by Pennsylvania residents; (2) Safety is registered as a business partner with the

9

Pennsylvania Department of Transportation[4]; and (3) Safety is advertised on a road construction company's website as a Pennsylvania road construction company. (Doc. 13, Pl.'s Br. in Opp. to Def.'s Mot. to Dismiss, at 1-2.)

Based on this information, the court concludes that it does not have personal jurisdiction over Defendant Safety. Initially, Plaintiff has failed to show that this court has general jurisdiction over Safety because the facts presented do not show that Safety has had "continuous and systematic" contacts with Pennsylvania. Having a website accessible by Pennsylvania residents, as well as presumably anyone with access to the internet, coupled with being registered as a "partner" of the Pennsylvania Department of Transportation and listed on a third-party's construction website, does not show continuous and systematic contacts with the forum state.

Next, Plaintiff has failed to show this court has specific jurisdiction over Safety. Plaintiff has failed to meet the three *Zippo* requirements for specific jurisdiction. First, the action did not "arise out of defendant's contacts" with Pennsylvania. Any actions taken by Safety occurred either in Florida, where Safety bought its RS-20B machine, or in Maryland, where Safety is located and uses the RS-20B. Second, the facts do not show Safety "purposefully established 'minimum contacts' with" Pennsylvania. As mentioned above, the availability of Safety's website to Pennsylvania residents and the listing of Safety on two websites — the Pennsylvania Department of Transportation website and the third-party construction

---

4. Being a registered business partner does not qualify Safety to conduct business in Pennsylvania or engage in financial transactions with the Pennsylvania Department of Transportation. Safety registered as a business partner with the Pennsylvania Department of Transportation in 2010 in an effort to explore the potential for conducting business in this state. However, Safety ultimately decided not to pursue business with the Pennsylvania Department of Transportation. (*See* Doc. 15, Def.'s Reply Br., Ex. A., Aff. of David Stoltzfus.)

website — with ties to Pennsylvania do not constitute sufficient contact with the forum state. Third, forcing Safety to litigate disputes in a state in which it does not do business, or avail itself, would offend "traditional notions of fair play and substantial justice." *See World-Wide Volkswagen*, 444 U.S. at 292. There is nothing to indicate that Safety has conducted activities in Pennsylvania such that the "benefits and protections" of Pennsylvania laws have been invoked. *See Asahi Metal Indus. Co., Ltd.*, 480 U.S. at 109. The court does not believe that Safety's extremely limited ties to Pennsylvania would put Safety on notice that they should reasonably be expected to be hailed into court in this forum. Furthermore, it seems as though Safety's contacts with Pennsylvania are the very definition of "random, isolated or fortuitous" which the Supreme Court has already announced are insufficient for specific jurisdiction. *See Keeton*, 465 U.S. at 774. As such, Safety's motion will be granted.[5]

---

5. Plaintiff requests the court provide it with the opportunity to conduct limited jurisdictional discovery if it is determined that the facts shown do not show personal jurisdiction. However, in the instant case, the court concludes that granting jurisdictional discovery would be futile and would amount to allowing Plaintiff to conduct a fishing expedition into Safety's personal business transactions. There is nothing to indicate Safety has been anything but honest in its representations that it has minimal contact with Pennsylvania. Therefore, limited jurisdictional discovery will not be permitted in this case.

11

**IV.      Conclusion**

For the aforementioned reasons, Plaintiff has failed to show that this court has personal jurisdiction over Defendant Safety.  As such, Defendant Safety's motion to dismiss will be granted.  An appropriate order will issue.


                                                                    s/Sylvia H. Rambo
                                                                    United States District Judge

Dated:  April 10, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SURFACE PREPARATION TECHNOLOGIES,** : | |
| : | |
| **Plaintiff,** : | |
| : | **Civil Action No. 1:11-cv-1978** |
| v. : | |
| : | |
| **JAMACO INDUSTRIES, LLC, WATERBLASTING TECHNOLOGIES, INC., and SAFETY IMPROVEMENTS, LLC,** : | **The Honorable Sylvia H. Rambo** |
| : | |
| **Defendants** : | |

## **O R D E R**

For the reasons set forth in the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**, Defendant Safety Improvements, LLC's motion to dismiss for lack of personal jurisdiction (Doc. 6) is **GRANTED**.  The Clerk of Court shall remove Safety Improvements, LLC, from the caption of this action.

                                                          s/Sylvia H. Rambo
                                                      United States District Judge

Dated:  April 10, 2012.